UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LAURIE THORSON, UNITED STATES OF AMERICA EX REL. LAURIE THORSON;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII PUBLIC HOUSING AUTHORITY, HAKIM OUANSAFI, EXECUTIVE DIRECTOR; RYAN AKAMINE, CHIEF COMPLIANCE OFFICER; LYLE MATSUURA, SUPERVISOR IV;  HAWAII PUBLIC HOUSING AUTHORITY BOARD OF DIRECTORS, ROBERT HALL, CHAIR; BETTY LOU LARSON, VICE CHAIR; SUZAN KUNZ, SECRETARY; RYAN YAMANE, DHS DIRECTOR; JOSEPH CAMPOSII, DHS ASST. DIRECTOR; SCOTT GLENN, LISA ANNE DARCY, ROY KATSUDA, CHRISTYL NAGAO, TODD TANIGUCHI,  CITY & COUNTY OF HONOLULU, PHA:H1003; ANTON KRUCKY, EXECUTIVE DIRECTOR;  KAUAI COUNTY HOUSING AGENCY, PHA: H1005; AND ADAM ROVERSI, EXECUTIVE DIRECTOR;<br><br>Defendants. | CIV. NO. 25-00491 LEK-WRP |

**ORDER: DISMISSING RELATOR'S FALSE CLAIMS ACT QUI TAM COMPLAINT WITH PREJUDICE; DENYING RELATOR'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT; AND DIRECTING THE CLERK'S OFFICE TO CLOSE THE CASE**

On November 21, 2025, pro se Relator Laurie Thorson ("Thorson") filed a False Claims Act qui tam Complaint ("Complaint") under seal pursuant to Title 31 United States Code Section 3730(b)(2), and an Application to Proceed in District  2

Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] The Complaint was unsealed on January 30, 2026 pursuant to an entering order filed by the Court. [Dkt. no. 8.]

The Court dismissed the Complaint without prejudice, provided Thorson an opportunity to file an amended complaint by March 5, 2026, and reserved ruling on the Application. See Order Dismissing Relator's False Claims Act Qui Tam Complaint with Leave to Amend; and Reserving Ruling on Thorson's Application to Proceed in District Court Without Prepaying Fees or Costs, filed 2/2/26 (dkt. no. 9) ("2/2 Order"), at 8-9. The Court warned Thorson that, if she failed to file an amended complaint by March 5, 2026, the Complaint would be dismissed with prejudice and the instant action would be closed. See id. at 8.

On February 26, 2026, Thorson filed a Notice of Voluntary Dismissal Pursuant to FRCP 41(a)(1)(A)(i) ("2/26 Notice"). [Dkt. no. 10.] The 2/2 Order, however, dismissed the Complaint without prejudice. See 2/2 Order at 8. In other words, there is nothing for Thorson to voluntarily dismiss. The Court therefore liberally construes the 2/26 Notice as a notice notifying the Court that Thorson does not intend to file an amended complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

The Court has the discretion to dismiss the Complaint with prejudice and close the case. See Yourish v. Cal.

2

Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)),[1] *superseded by statute on other grounds as recognized in* Russel v. United States, Case No.: 21cv1029-LL-MDD, 2023 WL 2919319, at *3 (S.D. Cal. Apr. 12, 2023). After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[2] the Court finds that the public interest in the expeditious resolution of this litigation and the Court's interest in managing the docket strongly outweigh the policy favoring disposition of Thorson's claims on the merits. Moreover, the defendants will not be prejudiced by the closure of the case because Thorson did not serve the

---

[1] Federal Rule of Civil Procedure 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[2] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citation and internal quotation marks omitted).

Complaint, and there are no less drastic alternatives available at this time.

Accordingly, and for the reasons set forth in the 2/2 Order, Thorson's False Claims Act qui tam Complaint, filed November 21, 2025, is DISMISSED WITH PREJUDICE. Thorson's Application to Proceed in District Court Without Prepaying Fees or Costs, filed November 21, 2025, is DENIED AS MOOT. The Clerk's Office is DIRECTED to close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 3, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**LAURIE THORSON VS. HAWAI`I PUBLIC HOUSING AUTHORITY, ET AL; CV 25-00491 LEK-WRP; ORDER:  DISMISSING RELATOR'S FALSE CAIMS ACT QUI TAM COMPLAINT WITH PREJUDIE; DENYING RELATOR'S APPLICATION TO PROCEED IN AND DIRECTING THE CLERK'S OFFICE TO CLOSE THE CASE**